IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONI COCKRILL )
)
v. ) NO. 3-13-0587
) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT )
OF NASHVILLE/DAVIDSON )
COUNTY )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 49). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part. Any claims for retaliatory actions or harassment arising before June 14, 2012, are DISMISSED.

FACTS

Plaintiff was employed by Defendant as a licensed special education teacher in 1998 and was a teacher at Antioch Middle School beginning in August of 2002. Plaintiff's Second Amended Complaint (Docket No. 39) alleges that in recent years, Plaintiff engaged numerous times in advocacy for the free and appropriate public education of disabled children in the school. For example, Plaintiff alleges that she reported to Defendant on numerous occasions the need for additional staff support to deal with students with high needs. Plaintiff reported violence in the classroom, including assaults upon herself and other students.[1]

Plaintiff avers that, in retaliation for her advocacy, Defendant took numerous retaliatory actions against her, including placing her on an Intensive Assistance Plan, which reflects a negative

---

[1] As a result of these attacks upon her, it is undisputed that Plaintiff has a "disability" as that term is defined in the Americans with Disabilities Act ("ADA").

performance, and creating false negative documentation against her to damage her reputation and employment.

Plaintiff claims that she requested from Defendant, through her principal and others, a reasonable accommodation under the ADA in the form of reassignment because she was no longer physically able to lift students out of wheelchairs, engage in bending and stooping, and protect herself against physical attacks. Plaintiff avers that, on August 28, 2012, she submitted appropriate ADA paperwork to Defendant for a reasonable accommodation.

Plaintiff asserts that, in response to her request for accommodation, Defendant's ADA Compliance Officer told her that ADA accommodations were handled by Harold Finch (Defendant's Director of Workplace Safety). Plaintiff contends that, even while she was on a leave of absence for health reasons, she continued to request reassignment as a reasonable accommodation for her disability. Plaintiff claims that, in November of 2012, Defendant (through a Workplace Safety Assistant) informed her that Plaintiff's principal, not Finch, was charged with dealing with returns to work and managing medical restrictions.

Plaintiff alleges that she wrote to both Finch and her principal, advising that she was ready to return to work and again requesting a reassignment which would accommodate her restrictions. Plaintiff claims that she even suggested many positions, but no reassignment occurred. In January of 2013, Plaintiff returned to work on a "trial run." In that month, she was assaulted by students two additional times and her prior injuries were aggravated. Plaintiff maintains that she continued to request an accommodation under the ADA to a less physically demanding position. Instead of reassigning Plaintiff, her principal responded that Plaintiff must stay on leave until her restrictions were lifted or relieved.

2

In April of 2013, Plaintiff requested reassignment from Defendant's Human Capital Officer, Dr. Potts. She claims she outlined several positions within the school system which could work. Plaintiff says that Potts told her it was up to the teacher to secure the transfer by sending her resume to any school where she would like to work. In the summer of 2013, Plaintiff again requested reassignment from Finch, her principal, and Potts. On July 3, 2013, Finch responded that his office "does not transfer/reassign employees for any reason."

Plaintiff states that no reasonable accommodation was offered and she again left on medical leave. Defendant advised her that she would be placed on unapproved leave of absence once all accrued leave had been exhausted. Plaintiff's Second Amended Complaint sets forth her continued efforts to get a reassignment in January and February of 2014. On February 6, 2014, Defendant's Leave Administrator for Employee Benefits advised Plaintiff that she must be released to return to full duty without restrictions before she would be allowed to return to work.

Plaintiff claims that, despite her continuing efforts, she received only a continuous run-around, contradictory statements, and misdirection from Defendant. Plaintiff's Second Amended Complaint asserts claims under the ADA for failure to reasonably accommodate her disability and for retaliation and retaliatory harassment. Plaintiff also asserts claims for retaliation and retaliatory harassment under the Rehabilitation Act, Section 504, and under the First Amendment through 42 U.S.C. § 1983. Defendant has moved for summary judgment, arguing that Plaintiff's claims are barred by the applicable statutes of limitation.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FAILURE TO ACCOMMODATE

The ADA defines discrimination to include not making reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5)(A). Defendant argues that Plaintiff's failure to accommodate claim is barred by the applicable statutes of limitations. In order to recover for illegal discrimination under the ADA, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. 32 U.S.C. 12117(a). The limitations period on an ADA claim begins to run from the time the complainant knows or reasonably should

4

have known that the challenged act as occurred. *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002). The Sixth Circuit has stated that under federal law, the statute of limitations begins to run when the plaintiff knew or reasonably should have known of the injury which forms the basis of his claim. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Defendant claims that, based upon this deadline, any alleged discriminatory acts before May 3, 2013, are time-barred.[2] Defendant summarily concludes that Plaintiff's only allegation of ADA damages is based upon Defendant's January 2013 refusal to reassign her. The Court does not read the Second Amended Complaint in so narrow a fashion.

First, Plaintiff's Second Amended Complaint includes more than one allegation concerning failures to reassign. Indeed, Plaintiff alleges a continuous series of requests with no or contradictory and confusing responses from Defendant's representatives. For example, after Defendant instructed Plaintiff to take her requests to Mr. Finch, Finch told Plaintiff that his office does not transfer/reassign employees for any reason. Yet Mr. Potts explained that when an employee seeks reasonable accommodation under the ADA through reassignment, Finch's office is supposed to work in tandem with Potts' office to identify jobs and the place the employee who is in need of accommodation.[3]

---

[2] Plaintiff filed her EEOC complaint on February 27, 2014.

[3] Defendant's Officer of Human Capital has admitted that he thought Plaintiff's request for reassignment was a request for voluntary transfer, not an ADA request for accommodation. He advised her that she must proceed through the "teacher-transfer process," which Defendant claims (without explanation or citation to authority) is "the same" as the required ADA process. There are numerous issues of fact concerning what this process involved which must be determined before the Court can judge whether it was an adequate or appropriate response under the ADA. For purposes of this Motion, it is relevant to the circumstances surrounding Plaintiff's attempts to receive a reasonable accommodation.

5

Although Plaintiff's first written request for a reasonable accommodation of reassignment under the ADA was on August 23, 2012, the Second Amended Complaint reflects a process that was dragged out for almost two years with Plaintiff still pursuing her request for reassignment through the spring of 2014.[4]

Over and over, Defendant argues that its actions in placing Plaintiff on leave were taken "under state law and school policy in the context of treating an IOD[5] injury and getting the employee back into her current position." Plaintiff has not alleged that Defendant violated state law or school policy. Plaintiff contends that Defendant violated the ADA by failing to provide a reasonable accommodation. Plaintiff alleges that Defendant's actions and inactions violated the ADA.

Defendant admits that it placed Plaintiff on leave until she was "fully healed"[6] or her principal could accommodate her restrictions in her current position. Defendant admits that it told Plaintiff "the scope of what we do is we accommodate you in the position you are assigned." Defendant admits that it told Plaintiff she should just remain off work until all medical restrictions were lifted. Whether those representations were in line with Defendant's policy and state law is not the question; the issue is whether those representations were adequate responses to Plaintiff's requests for reasonable accommodation under the ADA.

---

[4] A plaintiff is not permitted to renew an earlier request for an accommodation, once initially denied, in an attempt to restart the 300-day limitations period. *Hall v. Scotts Co.*, 211 Fed. Appx. 361, 363 (6th Cir. 2006); *Taylor v. Autoalliance Int'l, Inc.,* 2009 WL 2591533 at *4 (E.D. Mich. Aug. 24, 2009). These unreported cases cited by Defendant are distinguishable, however, because Plaintiff claims she was misled, given the run-around, and, thus, her requests were never actually denied by Defendant.

[5] The Court assumes an IOD injury is an injury on duty.

[6] It is difficult to see how an employee could receive a reasonable accommodation for medical restrictions when the employer requires that she be fully healed before returning.

Although it does appear that Plaintiff made repeated requests for the same accommodation, the Court finds that there are many questions of fact as to whether Plaintiff's request was ever rejected; that is, whether Plaintiff was ever given an answer to her requests for reassignment. Those issues preclude summary judgment on the question of statutes of limitations at this time.

Moreover, the Court finds that there are issues of fact as to whether the statute of limitations should be equitably tolled under these circumstances. Equitable tolling permits a court to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Abdulsayed v. Hand*, 2014 WL 6751089 at * 4 (M.D. Tenn. Dec. 1, 2014) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

Defendant characterizes Plaintiff's requests as being the same request rejected over and over. Plaintiff describes a continual, drawn-out request that was never definitively acted upon as she was given contradictory and incorrect information. Until these factual issues are resolved, the Court cannot hold that Defendant is entitled to judgment as a matter of law.

For these reasons, Defendant's Motion for Summary Judgment on the failure to accommodate claim is denied.

## RETALIATION

Plaintiff asserts retaliation and retaliatory harassment claims under the ADA, Section 504 of the Rehabilitation Act, and the First Amendment. Defendant asserts that, as with Plaintiff's failure to accommodate claim, Plaintiff's retaliation and retaliatory harassment claims are time-barred.

Plaintiff's Second Amended Complaint asserts that Plaintiff engaged in protected conduct and speech by advocating for special education students. She alleges that, in retaliation for her

7

protected conduct/speech, Defendant denied her support and assistance, allowed her injuries to occur, forced her into a known dangerous environment, damaged her employment status by placing her on an Intensive Assistance Plan and attempted to create negative performance evaluations to damage her reputation and employment.

Defendant argues that all these allegedly retaliatory actions occurred more than one year before Plaintiff filed this action on June 14, 2013.[7] Plaintiff, citing specific allegedly retaliatory actions which occurred within the one year prior to this lawsuit, argues that those claims are not time-barred. Defendant argues that these actions are barred because Plaintiff did not include them in her deposition testimony, but they are alleged in her Second Amended Complaint.

To the extent any of the alleged retaliatory actions or harassment occurred more than one year before Plaintiff filed this action, claims based upon that alleged misconduct are time-barred. To the extent the alleged retaliatory actions or harassment occurred within one year of filing this lawsuit, those claims are not time-barred. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's retaliation and retaliatory harassment claims is granted in part and denied in part.

IT IS SO ORDERED.

                                                                       */s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[7] The parties do not dispute that the statute of limitations for retaliation under the ADA, the Rehabilitation Act and Section 1983 is one year.